IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. JOYCE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:10-0439 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| K-MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM

Plaintiff, Dr. Joyce Brown, a Tennessee citizen filed this action under 28 U.S.C. § 1332, the federal diversity statute against the Defendant K-Mart, a Michigan corporation, asserting Tennessee state law claims for intentional interference with business relationships and invasion of privacy. Plaintiff's claims arise out of the Defendant's agents alleged statements to Plaintiff's patients that Plaintiff was under investigation by federal authorities.

Before the Court is the Defendant's motion for judgment on the pleadings (Docket Entry No. 5) contending that Plaintiff's complaint fails to state plausible claims under Tennessee law. In response, Plaintiff asserts that the factual allegations in her complaint are sufficient to state her claims under Tennessee law and that at the pleading stage Plaintiff is not required to prove her claims.

## A. Analysis of the Complaint

The core factual allegations in the Plaintiff's complaint are set forth below:

6. The Plaintiff is a physician licensed by the State of Tennessee. As part of her practice, she prescribes controlled substances to her patients as needed for medical purposes.

7. On September 2, 2009, a patient of Dr. Brown, Lana Vallejo entered the

K-Mart located at 1508 Gallatin Road in Nashville, Tennessee to fill a validity written prescription provided by Dr. Brown.

8. Ms. Vallejo was informed that the K-Mart would not fill Dr. Brown's prescriptions because she was under investigation by the authorities.

**First Cause of Action: Intentional Interference with Business Relationships**

9. Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

10. Defendant did intentionally interfere, without justifiable cause or excuse, with the existing and lawful business relationship and/or contractual relationships Plaintiff had with her patients.

11. Defendant did intentionally interfere, without justifiable cause, with the existing and lawful business relationships Plaintiff had with her patients by intimidating them and telling them that Dr. Brown was being investigated.

12. Defendant's interference with Plaintiff's business relationship was the result of improper and malicious motives and means.

13. Defendant was aware that the patients entering the Wal-Mart stores were patients of Dr. Brown.

14. Defendant acted with the intent to damage or breach the relationship Dr. Brown had with her patients.

15. Defendant's interference with Dr. Brown's relationship with her patients did significant damage to her reputation , her business and to her ability to retain patients.

**Second Cause of Action: Invasion of Privacy**

16. Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

17. Defendant, through its employees, did inform Plaintiff's patients and customers that Dr. Brown was under investigation by government authorities.

18. This information disclosed by Defendant was not public knowledge.

19. Defendant's disclosure of this information to Plaintiff's patients and

2

Case 3:10-cv-00439 Document 8 Filed 06/17/10 Page 2 of 5 PageID #: 82

customers was unwarranted and gave unreasonable publicity to Plaintiff's private life.

20. The disclosure of this information was offensive to a person of ordinary sensibilities. The disclosure went beyond the scope of decency.

21. Defendant's invasion of Dr. Brown's privacy did significant damage to her reputation, her business, her ability to retain patients, and cased significant humiliation, stress, and mental anguish.

### Third Cause of Action: Vicarious Liability and Respondeat Superior

22. Plaintiff incorporations by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

23. Defendant is the employer of those certain individuals that made statements to the patients of Dr. Brown.

24. Accordingly, Defendant should be held vicariously liable for the actions of its employees in the course of their employment and the damages caused thereby, as set forth above, under the doctrine of vicarious liability and/or respondeat superior.

(Docket Entry No. 1, Complaint at pp. 5-7).

### B. Conclusions of Law

Fed. R. Civ. P. 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 8(e), "Pleadings must be construed so as to do justice." For a motion of judgment on the pleadings, all material facts in the pleading are accepted as true. Riverview Health Inst. LLC V. Medical Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) and the Rule 12(b) standard apples. Fritz v. Charter Tp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). The pleading standard on the motion to

3

dismiss requires only factual allegations that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

For an intentional interference claim under Tennessee, "a determination of whether a defendant acted 'improperly' or possessed an 'improper' motive is dependent on the particular facts and circumstances of a given case, and as a result, a precise, all-encompassing definition of the term 'improper' is neither possible nor helpful." Trau-Med of America, Inc. v. Allstate Insurance Co., 71 S.W.3d 691, 701 (Tenn. 2002). Misuse of inside or confidential information can prove improper motive or means. See Assit-2 Sell, Inc. v. Assit-2 Build, LLC, 2005 U.S. Dist. LEXIS 34696, at *13 (E.D. Tenn. 2005) (citing Trau-Med). The Defendant's employees allegedly disclosed inside and/or confidential information about a federal investigation of Plaintiff when they refused to provide Plaintiff's patients with medications prescribed by Plaintiff. This disclosure of confidential and/or inside information can demonstrate improper motive.

For Plaintiff's invasion of privacy claims, Tennessee law requires that the defendant "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns [and] is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Givens v. Mullikin, 75 S.W.3d 383, 411 (Tenn. 2002). In paragraphs 17-20 of her complaint, Plaintiff alleges that the Defendant disclosed unwarranted information about her to her patients and that the disclosures of this confidential information were offensive and beyond the scope of decency. Defendant argues that the facts disclosed were made public, but this assertion is not in Plaintiff's complaint. The court cannot decide factual disputes on this motion for judgment based upon Plaintiff's complaint and

4

cannot accept Defendant's motion papers as establishing such a fact.

For these reasons, the Defendant's motion for judgment on the pleadings (Docket Entry No. 5) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___17th___ day of June, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge